UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
CLEVELAND DIVISION

| | |
|---|---|
| JASON C. MARCELLUS, <br><br> Plaintiff, <br><br> v. <br><br> FRANKLIN SERVICE, INC., <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 1:22-cv-00170 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

**NOW COMES** Jason C. Marcellus ("Plaintiff"), by and through the undersigned attorneys, complaining as to the conduct of Franklin Service, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and violations of Regulation F, 12 CFR 1006 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Ohio, Plaintiff resides in the Northern District of Ohio, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Ohio.

1

**PARTIES**

4. Plaintiff is a natural person over 18-years-of-age and is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is a third party debt collector with its principal place of business located in Tupelo, Mississippi. Defendant's principal business purpose is the collection of defaulted debts owed to others. Defendant engages in collection activities in several different states, including the State of Ohio.

**FACTS SUPPORTING CAUSES OF ACTION**

6. Prior to the events giving rise to this action, Plaintiff, a United States Veteran, received medical services resulting in a balance of $1,827 ("subject debt").

7. Defendant acquired the rights to collect upon the subject deb after it was in default.

8. On or around January 11, 2022, Defendant began placing telephone calls to Plaintiff's cellular telephone ending in (440) XXX-7771.

9. Plaintiff is and always has been the sole subscriber, owner, possessor, and operator of the cellular telephone number ending in 7771.

10. Specifically, Plaintiff received thirteen telephone calls from Defendant on January 11, 2022.

11. In addition, On January 13, 2022, Defendant placed fourteen more telephone calls to Plaintiff.

12. On January 14, 2022, due to the large and overwhelming amount of telephone calls Plaintiff asked his wife Kimberly Marcellus to place an outgoing call on his behalf to Defendant as to inquire the reason for the frequent telephone calls.

13. Upon connecting with Defendant, Plaintiff was informed that they were attempting to reach Mr. Marcellus.

14. Specifically, Defendant requested Mrs. Marcellus to verify Mr. Marcellus's telephone and home address.

15. Without providing any additional information, Mrs. Marcellus demanded that the telephone calls cease as the amount of calls were becoming distressing to Plaintiff.

16. Unfortunately, Defendant countered Mrs. Marcellus's request stating they will not cease its telephone calls until it speaks with Plaintiff.

17. Shortly thereafter the call ended, Mrs. Marcellus placed a second outgoing telephone call on Plaintiff's behalf to Defendant in hopes to reach another representative.

18. Upon connecting for the second time with Defendant, Plaintiff once more requested that it removes Plaintiff's cellular number from future calls.

19. During the second telephone call, Defendant's representative detailed that Plaintiff's number was removed and the call concluded.

20. However, despite her requests that calls cease, Plaintiff still continued to receive Defendant's telephone calls to his cellular phone.

21. Specifically, on January 17, 2022, Plaintiff received sixty-six telephone calls placed by defendant to his cellular telephone.

22. In total, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone from January 2022 through the present day without his consent.

23. In the calls that Plaintiff did answer, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's automated telephone system attempted to connect Plaintiff to a live agent.

24. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

25. Moreover, Plaintiff also hears what sounds to be call center noise in the background of each of Defendant's calls.

26. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using an automated telephone dialing system ("ATDS"), a telephone dialing system that is commonly used in the debt collection industry to collect defaulted debts owed to others

27. Defendant has used the listed phone number to place collection calls to Plaintiff's cellular phone number, including but not limited to (216) 666-3398.

28. Upon information and belief, it may have also used other phone numbers to place calls to Plaintiff's cellular phone.

## DAMAGES

29. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

30. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the incessant phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

31. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

32. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

33. Plaintiff restates and realleges paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

35. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of defaulted debts owed to others and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts owed to a third party.

36. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

37. The subject debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

38. Defendant used the phone and mail to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

39. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

40. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), e, e(10), and f through its unlawful debt collection practices on debts that never belonged to Plaintiff.

   a. **Violations of FDCPA § 1692c**

41. Defendant violated §1692c(a)(1) when it continuously called and Plaintiff after being notified to cease communications. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone over and over after he demanded that it cease contacting him was harassing and abusive. Even after being told to stop contacting him, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into making a payment on the subject debt despite having actual knowledge that Plaintiff did not want to receive any calls.

42. Furthermore, the enormous volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him into submission.

43. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to him.

    **b. Violations of FDCPA § 1692d**

44. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt. Moreover, Defendant continued placing the relentless calls after Plaintiff put Defendant on notice that its calls were not welcome on numerous occasions.

45. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Furthermore, Defendant continued to place these aforementioned calls after Plaintiff informed Defendant its calls were no longer welcome. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone from January 2022 through the present day, using an ATDS without his consent.

### c. Violation of FDCPA § 1692e

46. Defendant violated §1692e and e(10) when it used false, misleading, and deceptive means to collect and/or attempt to collect the subject debt from Plaintiff. Even after being apprised of its unlawful acts, Defendant continued its harassing behavior by calling Plaintiff repeatedly in a deceptive and misleading attempt to force him to answer its calls and ultimately make a payment, despite notifying Defendant that its communications were not welcome. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to continue to contact him in an attempt to dragoon payment on the subject debt, when it did not have prior consent to do so.

### d. Violations of FDCPA § 1692f

47. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject debt by continuously calling Plaintiff after Plaintiff requested to cease communications. Placing voluminous phone calls after becoming privy to the fact that its collection calls were not welcome is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

48. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant harassing phone calls to the phones of consumers.

49. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

50. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, JASON C. MARCELLUS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

7

b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Enjoining Defendant from further communicating with Plaintiff;

d. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

e. Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

51. Plaintiff restates and realleges paragraphs 1 through 50 as though fully set forth herein.

52. Defendant placed or caused to be placed non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without his prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

53. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

54. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an automated dialing system to place calls to Plaintiff's cellular telephone.

55. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

56. Upon information and belief, Defendant's phone system stores telephone numbers to be called, using a random or sequential number generator, which it used to call Plaintiff on his cellular phone.

57. The fact that Defendant's phone system continued to place calls after Defendant was aware that Plaintiff did not wish to receive further calls clearly evinces the fact that Defendant's phone

8

system stored Plaintiff's phone number and continued to randomly and sequentially auto-dial Plaintiff's cellular phone number without his consent.

58. There would be no reason for Defendant to continue to contact Plaintiff, especially after having been notified to cease all telephone communications. Yet, Defendant's ATDS continued to keep Plaintiff's phone number stored, causing its system to randomly and sequentially dial the number dozens of times thereafter.

59. Any prior consent, if any, was revoked by Plaintiff's verbal revocations.

60. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone from January 2022 through the present day, using an ATDS without his prior consent.

61. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

62. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

63. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

64. Upon information and belief, Defendant's phone system stores telephone numbers to be called, using a random or sequential number generator, which it used to call Plaintiff on his cellular phone.

65. The calls placed by Defendant to Plaintiff were regarding business activities and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

66. Defendant, through its agents, vendors, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

67. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, JASON C. MARCELLUS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C);
c. Enjoining Defendant from further communicating with Plaintiff; and
d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF REGULATION F (12 CFR 1006 *ET SEQ.*)

68. Plaintiff restates and realleges paragraphs 1 through 68 as though fully set forth herein.

69. Plaintiff is a "consumer" as defined by Regulation F §1006.2(e)

70. Defendant is a "third party collector" as defined by Regulation F §1006.2(i)(1).

71. The subject debt is a "debt" and a "consumer debt" as defined by Regulation F §1006.2(f) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

a. **Violations of Regulation F §1006.14**

72. Pursuant to § 1006.14(a) of Regulation F, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 12 CFR 1006.14(a).

73. Section 1006.14(b)(2)(i)(A) of Regulation F prohibits a debt collector from contacting a consumer "more than seven times within seven consecutive days." 12 CFR 1006.14(b)(2)(i)(A).

74. Defendant violated §§ 1006.14 and 1006.14(b)(2)(i)(A) of Regulation F by placing at least 75 collection calls to Plaintiff's cellular phone number in an attempt to collect the subject debt.

75. Defendant's conduct in systematically placing calls to Plaintiff's cellular phone number is inherently harassing and abusive.

76. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as the frequency of Defendant's calls would lead any reasonable person to be frustrated.

77. The fact that Defendant knowingly placed such a high volume of calls to Plaintiff is illustrative of Defendant's intent to harass and annoy Plaintiff.

**WHEREFORE**, Plaintiff, JASON C. MARCELLUS, requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate Regulation F, therefore violating the Fair Debt Collection Practices Act;
b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying violations;
c. Awarding Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and
d. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: January 31, 2022                                                                 Respectfully Submitted,

/s/ Marwan R. Daher

Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd

11

2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com